FILED
OCT 1 7 2017

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| ROBERT WAYNE RUNNING SHIELD SR.,<br><br>Plaintiff,<br><br>vs.<br><br>MAYOR MICHAEL HUETHER, MAYOR AT MINNEHAHA COUNTY, SX.FIS.S.D. IN OFFICIAL CAPACITY; AND SIOUX FALLS POLICE DEPARTMENT, POLICE OFFICERS AT MINNEHAHA COUNTY, SX.FIS.S.D. IN OFFICIAL CAPACITY;<br><br>Defendants. | 4:17-CV-04095-LLP<br><br>ORDER GRANTING MOTION TO AMEND AND DIRECTING SERVICE |

Plaintiff, Robert Wayne Running Shield, Sr., is an inmate at the Mike Durfee State Prison in Springfield, South Dakota. He filed a pro se lawsuit pursuant to 42 U.S.C. § 1983. The Court screened his complaint pursuant to 28 U.S.C. § 1915A, finding that he failed to state a claim upon which relief may be granted but granting him leave to amend his complaint. Docket 6. Running Shield subsequently filed a motion to amend his complaint and an amended complaint. Docket 7; Docket 8.

Running Shield alleges that the Sioux Falls Police Force arrested him 197 times in the two year period of 2015-2016. Docket 8. The arrests consisted "mostly [of] criminal trespass and unlawful occupancy." *Id.* Running Shield further alleges that he asked an officer " 'why is he always[] arresting me?' " to which an officer responded " ' [I]'m going to keep arresting you [un]till [I] run you out of town.' meaning [S]ioux [F]alls." *Id.*

Running Shield sues defendants in their official capacities only. "A suit against a government officer in his official capacity is functionally equivalent to a suit against the

1

employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). "A municipality can be liable under § 1983 if an 'action pursuant to official municipal policy of some nature caused a constitutional tort.' " *Id.* (quoting *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978)). To establish municipal liability, "a plaintiff must establish the requisite degree of fault on the part of the municipality and a causal link between municipal policy and the alleged violation." *Id.* This "requires either the existence of a municipal policy that violates federal law on its face or evidence that the municipality has acted with 'deliberate indifference' to an individual's federal rights." *Id.*

"[A] local government entity may be amenable to suit under § 1983 for a continuing failure to remedy a known pattern of constitutionally offensive conduct by its subordinates." *Baker v. McCoy*, 739 F.2d 381, 384 (8th 1984) (citing *Herrera v. Valentine*, 653 F.2d 1220 (8th Cir. 1981)). Running Shield states a claim alleging a pattern of constitutionally offensive conduct. Therefore, Running Shield's amended complaint survives screening.

Accordingly, it is ORDERED

1. Running Shield's motion to amend complaint (Docket 7) is granted.
2. Running Shield's amended complaint (Docket 8) survives screening under 28 U.S.C. § 1915A.
3. Running Shield shall complete and send the Clerk of Courts a separate summons and USM-285 form for each defendant. Upon receipt of the completed summons and USM-285 forms, the Clerk of Court will issue the summonses. If the completed summonses and USM-285 forms are not submitted as directed, the complaint may be dismissed.

4. The United States Marshal Service shall serve the completed summonses, together with a copy of the complaint, amended complaint, and this order, upon the defendants.

5. The Clerk shall send blank summons forms and Marshal Service Form (Form USM-285) to Running Shield so that he may cause the summons and amended complaint to be served upon the defendants.

6. Defendants will serve and file an answer or responsive pleading to the amended complaint on or before 21 days following the date of service or 60 days if the Defendants fall under Fed. R. Civ. P. 12(a)(2) or (3).

7. Running Shield will serve upon defendants, or, if appearance has been entered by counsel, upon their counsel, a copy of every further pleading or other document submitted for consideration by the court. He will include with the original paper to be filed with the clerk of court a certificate stating the date and that a true and correct copy of any document was mailed to defendants or their counsel.

8. Running Shield will keep the court informed of his current address at all times. All parties are bound by the Federal Rules of Civil Procedure and by the court's Local Rules while this case is pending.

DATED this 17th day of October, 2017.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _Summer Wahy_
(SEAL)   DEPUTY

3