UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| ROBERT WAYNE RUNNING SHIELD SR., <br><br> Plaintiff, <br><br> vs. <br><br> MAYOR MICHAEL HUETHER, MAYOR AT MINNEHAHA COUNTY, SX.FIS.S.D. IN OFFICIAL CAPACITY; AND SIOUX FALLS POLICE DEPARTMENT, POLICE OFFICERS AT MINNEHAHA COUNTY, SX.FIS.S.D. IN OFFICIAL CAPACITY; <br><br> Defendants. | 4:17-CV-04095-LLP <br><br> ORDER GRANTING MOTION FOR SUMMARY JUDGMENT |

Plaintiff, Robert Wayne Running Shield Sr., filed this pro se lawsuit pursuant to 42 U.S.C. § 1983. Defendants filed a motion for summary judgment (Docket 30) contending that summary judgment should be granted in its entirety. Running Shield thereafter filed motions to appoint counsel (Docket 34, 35, 36) but did not respond to the defendants' motion for summary judgment. Having considered the written record in this case and for the reasons set forth below, the defendants' motion for summary judgment will be granted and Running Shield's complaint dismissed without prejudice.

**FACTUAL BACKGROUND**

The local rules for this district require that the moving party on a motion for summary judgment submit a statement of the material facts as to which it contends there is no genuine issue to be tried. D.S.D. CIV. LR 56.1(A). The opposing party is required to respond to each numbered paragraph in the moving party's statement of material facts, and to identify any

material facts as to which it contends there exists a genuine material issue to be tried. D.S.D. CIV. LR 56.1(B). All material facts set forth in the moving party's statement of material facts are deemed admitted if not controverted by the statement required to be served by the party opposing summary judgment. D.S.D. CIV. LR 56.1(D); see also *On Target Sporting Goods, Inc. v. Attorney General of the United States*, 472 F.3d 572, 574 (8th Cir. 2007); see also *Northwest Bank & Trust Co. v. First Illinois Nat'l Bank*, 354 F.3d 721, 724–25 (8th Cir. 2003) (holding it was not an abuse of discretion to deem that plaintiff had admitted all of defendants' statements of material facts as a sanction for noncompliance with local summary judgment rules). Such rules are properly intended "to prevent a district court from engaging in the proverbial search for a needle in the haystack." *Libel v. Adventure Lands of America, Inc.*, 482 F.3d 1028, 1032 (8th Cir. 2007) (discussing a similar Iowa Local Rule); see also *Huckins v. Hollingsworth*, 138 Fed. Appx. 860, 862 (8th Cir. 2005) (affirming district court's application of D.S.D. CIV. LR 56.1 "even though those rules prevented it from considering some facts improperly alleged by [Plaintiffs] that might have been relevant to the summary judgment motion").

"Although pro se pleadings are to be construed liberally, pro se litigants are not excused from failing to comply with substantive and procedural law." *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984) (citing *Faretta v. California*, 422 U.S. 806, 834-35 n. 46 (1975)). Additionally, a district court has no obligation to "plumb the record in order to find a genuine issue of material fact." *Barge v. Anheuser-Busch, Inc.*, 87 F.3d 256, 260 (8th Cir. 1996). Nor is the court "required to speculate on which portion of the record the nonmoving party relies, nor is it obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *Id.* Summary judgment could be granted without further analysis, because a party opposing summary judgment "may not rest upon the mere allegations or denials

of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." FED.R.CIV.P. 56(e).

The defendants filed a Statement of Undisputed Facts (Docket 31) along with supporting affidavits and exhibits. The defendants' undisputed facts are recited below:

1. Robert Wayne Running Shield Sr. ("Plaintiff"), pro se, filed a civil rights action alleging that the Sioux Falls Police Department and Mayor Mike Huether (collectively "the Defendants") violated his constitutional rights when they arrested him 197 times in the previous two years (2015-2016). Docket 1 at 2; Docket 14; Docket 33-1 at 10.

2. Between February 10, 2010 and June 1, 2016, Plaintiff was arrested 113 times and received 42 tickets and/or citations. Docket 33-2 at 1-12.

3. A majority of Plaintiff's arrests were for criminal trespass and unlawful occupancy. *Id.*

4. Plaintiff would occasionally stay/sleep in abandoned apartments and/or apartment laundry rooms. Docket 33-1 at 16-17, 41.

5. Plaintiff was arrested in mixed groups of people, including, other Native Americans, African Americans, Whites, and Hispanics. *Id.* at 41.

6. Plaintiff alleges that the arrests were racially motivated and the result of policies implemented by Mayor Huether, specifically Mayor Huether's "four points . . . in the Sioux Falls Argus Leader," which included "DUI checkpoints, saturation patrols . . . and . . . street sweeps to clear the streets of street people." *Id.* at 10-11, 33, 41-42.

7. The Argus Leader article did not mention race. *Id.* at 43.

8. Plaintiff was not arrested for a DUI or as the result of a saturation patrol. *Id.* at 33.

9. Plaintiff did not attach the Argus Leader article to his Original or Amended Complaint. Docket 1; Docket 14.

3

10. Plaintiff could not definitively say what date/year the article was published, but thought it was in 2015. Docket 33-1 at 10.

## LEGAL STANDARD

In considering a motion for summary judgment, the Court asks the question whether the record, when viewed in the light most favorable to the non-moving party, shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). "Once the motion for summary judgment is made and supported, it places an affirmative burden on the non-moving party to go beyond the pleadings and 'by affidavit or otherwise' designate 'specific facts showing that there is a genuine issue for trial.' " *Commercial Union Ins. Co. v. Schmidt*, 967 F.2d 270, 271 (8th Cir.1992) (quoting Fed.R.Civ.P. 56(e)). "A plaintiff's verified . . . Complaint is the equivalent of an affidavit for purposes of summary judgment, and a complaint signed and dated as true under penalty of perjury satisfies the requirements of a verified complaint." *Roberson v. Hayti Police Dep't*, 241 F.3d 992, 994–95 (8th Cir.2001) (citations omitted). If the allegations in the verified complaint consist of nothing more than conclusory allegations, however, they are insufficient to overcome a summary judgment motion. *See Roberson v. Bradshaw*, 198 F.3d 645, 647 (8th Cir.1999).

Prisoners who proceed pro se are entitled to the benefit of liberal construction at the pleading stage. *Quam v. Minnehaha Cty. Jail*, 821 F.2d 522, 522 (8th Cir. 1987). Nonetheless, the summary judgment standard set forth in Rule 56 of the Federal Rules of Civil Procedure remains applicable to prisoners proceeding pro se. *Id.* Courts must remain sensitive, however, "to the special problems faced by prisoners attempting to proceed pro se in vindicating their constitutional rights, and [the Eighth Circuit does] not approve summary dismissal of such pro se claims without regard for these special problems." *Nickens v. White*, 622 F.2d 967, 971 (8th Cir.

1980). "When dealing with summary judgment procedures the technical rigor is inappropriate where . . . uninformed prisoners are involved." *Ross v. Franzen*, 777 F.2d 1216, 1219 (7th Cir. 1985).

## DISCUSSION

### I. Sioux Falls Police Department

Running Shield names the Sioux Falls Police Department in its official capacity as a defendant in this matter. In the instant motion for summary judgment, the Sioux Falls Police Department argues it is entitled to summary judgment on Running Shield's claim against it because it is not an entity amenable to suit. Docket 32 at 4. The Court of Appeals for the Eighth Circuit has held that entities such as the police department "are not juridical entities suable" under § 1983. *Ketchum v. City of W. Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992); *see also, Diggs v. City of Osceola*, 270 Fed. Appx. 469, at *1 (8th Cir. 2008) (unpublished); *Shannon v. Koehler*, No. C 08-4059, 2008 WL 4735265, at *2-4 (N.D. Iowa Oct. 13, 2008) (collecting cases). The court will grant the Sioux Falls Police Department's motion for summary judgment.

### II. Mayor Mike Huether

Running Shield names Huether in his official capacity as a defendant in this matter. "A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). "A municipality can be liable under § 1983 if an 'action pursuant to official municipal policy of some nature caused a constitutional tort.' " *Id.* (quoting *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978)). To establish municipal liability, "a plaintiff must establish the requisite degree of fault on the part of the municipality and a causal link between municipal policy and the alleged violation." *Id.* This "requires either the existence

5

of a municipal policy that violates federal law on its face or evidence that the municipality has acted with 'deliberate indifference' to an individual's federal rights." *Id.*

Running Shield alleges his frequent arrests were racially motivated and the result of policies implemented by Huether, specifically Huether's "four points . . . in the Sioux Falls Argus Leader," which included "street sweeps to clear the streets of street people." *Id.* at 10-11, 33, 41-42. "Plaintiffs who seek to impose liability on local governments under § 1983 must prove that 'action pursuant to official municipal policy' caused their injury." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (quoting *Monell*, 436 U.S. at 692). "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Id.* at 61. "These are 'action[s] for which the municipality is actually responsible.' " *Id.* (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479-80 (1986)). "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Id.* "A 'policy' is a 'deliberate choice to follow a course of action . . . made from among various alternatives by the official or officials responsible [under state law] for establishing final policy with respect to the subject matter in question.' " *Russell v. Hennepin Cty.*, 420 F.3d 841, 847 (8th Cir. 2005) (quoting *Hayes v. Faulkner Cty., Ark.*, 388 F.3d 669, 674 (8th Cir. 2004)).

Defendants contend, "The Argus Leader article cannot be construed to constitute a specific policy of Mayor Huether. As such, Plaintiff has failed to point to specific conduct and/or policies that Mayor Huether authorized which led to the alleged constitutional violation." Docket 32 at 5. Running Shield has not shown establishment of an official city policy that violated his constitutional rights.

Even if the court were to find that Running Shield adequately identified a specific policy, Running Shield has not adduced evidence of any such violation. Running Shield does not claim that he was falsely arrested. Docket 33-1 at 12. Running Shield stated that he would occasionally stay/sleep in abandoned apartments and/or apartment laundry rooms. Docket 33-1 at 16-17, 41. Running Shield stated that he was unsure whether the arrests were racially motivated. Running Shield's arrests occurred in mixed groups of people, including, other Native Americans, African Americans, Whites, and Hispanics. *Id.* at 41. Without an underlying constitutional wrong, there can be no municipal liability. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989) (explaining the Court's first inquiry in a § 1983 claim against a municipality is whether there is a causal link between a municipal policy or custom and the constitutional violation); *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 691 (1978) (explaining that § 1983 liability may only be imposed upon a municipality for underlying constitutional violations that are attributable to official municipal policy). Because there is no constitutional wrong that can be imputed to the municipality, Huether is entitled to summary judgment on plaintiffs' official capacity claim.

IT IS ORDERED:
1. That Plaintiff's Motions for Appointment of Counsel (Dockets 17, 24, 25, 27, 34, 35, 36) are denied.
2. That Defendant's Motion for Summary Judgment (Docket 30) is granted and this action is dismissed without prejudice.

DATED this 31st day of July, 2018.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK
BY: _____
(SEAL)   DEPUTY